No. 23-1592
(consolidated with No. 23-1594)

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

THE WILDERNESS SOCIETY,
*Petitioner*,

v.

UNITED STATES FOREST SERVICE, UNITED STATES BUREAU OF LAND
MANAGEMENT, et al.,
*Respondents*,

&

MOUNTAIN VALLEY PIPELINE, LLC,
*Intervenor*.

**RESPONDENTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
FOR LACK OF JURISDICTION**

No party disputes that Section 324's plain language deprives this Court of jurisdiction over the petitions. Petitioner instead attacks that statute's constitutionality. But this Court lacks jurisdiction to hear Petitioner's constitutional claims, which fail regardless. This Court should dismiss.

# ARGUMENT

### A. This Court lacks jurisdiction to consider Petitioner's claim that Section 324 is unconstitutional.

Section 324(e)(2) grants the D.C. Circuit "original and exclusive jurisdiction over any claim alleging the invalidity of this section or that an action is beyond the scope of authority conferred by [§ 324]." The ordinary definition of "claim"—"[a] statement that something yet to be proved is true"—encompasses Petitioner's contention that Section 324 is invalid, because that contention (which has yet to be proved true) is a "claim" of statutory invalidity. *Claim*, *Black's Law Dictionary* (11th ed. 2019). And because Section 324(e)(2) vests the D.C. Circuit with exclusive jurisdiction over such claims, it "necessarily denies jurisdiction of such cases to any other federal court." *Mississippi v. Louisiana*, 506 U.S. 73, 77–78 (1992) (citation omitted).

Petitioner's argument that Section 324(e)(2)'s reference to "claim[s]" makes it merely a venue provision for newly filed actions fails to account for that statutory context. *See Maracich v. Spears*, 570 U.S. 48, 65 (2013) (statutory term must be interpreted in the context of statute as a whole). Section 324's provisions ratifying all necessary federal approvals, withdrawing jurisdiction over challenges, and confining questions about the statute itself to one court collectively achieve Congress' goal of eliminating uncertainty relating to the Mountain Valley Pipeline

2

(MVP). Petitioner's reading—which would allow challenges to the statute to proceed in multiple jurisdictions—does not.

Moreover, because Congress has ratified the challenged approvals, Act § 324(c), Petitioner has no viable contention *other than* its claim that Section 324 is invalid. When Congress has "ratified agency action by statute, even if that action had been arbitrary and capricious, judicial review requires a challenge to the statute itself." *James v. Hodel*, 696 F. Supp. 699, 701 (D.D.C. 1988), *aff'd*, 893 F.2d 1404 (D.C. Cir. 1990). Any such challenge must be brought in the D.C. Circuit.

In any event, as demonstrated below and in Federal Respondents' opposition to Petitioner's stay motion (ECF 45), Petitioner's constitutional claims lack merit.

**B.     Section 324(e)(1) is constitutional.**

Section 324(e)(1) expressly withdraws federal-court jurisdiction over "any lawsuit pending in a court as of [Section 324's] date of enactment" that seeks judicial review of agency action "necessary for the construction and initial operation at full capacity of [the MVP]." Section 324(e)(1) is constitutional because Congress' power to define and limit the jurisdiction of the inferior federal courts includes the authority to withdraw jurisdiction previously given and to

3

subject pending cases to the new jurisdictional limitation. *See, e.g., Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also* ECF 45 at 10-11 (collecting cases).

For example, in *Patchak v. Zinke*, the plaintiff sued the Secretary of the Interior for acquiring land in trust for an Indian tribe. After suit was instituted, Congress enacted a statute withdrawing federal district court jurisdiction over all suits relating to the land at issue. 138 S.Ct. 897, 902 (2018). The plaintiff argued that Congress violated Article III by improperly directing the results of pending litigation. *Id*. at 904. While no single rationale gained a majority of the Court, six Justices upheld the law on one of two theories. The plurality explained that "Congress violates Article III when it compels findings or results under old law, but not when it changes the law." *Id*. at 905 (cleaned up) (citing *Robertson v. Seattle Audubon Soc*., 503 U.S. 429, 439 (1992) and *Plaut v. Spendthrift Farm, Inc*., 514 U.S. 211, 218 (1995)). The plurality reasoned that the provision barring suits relating to the land at issue was a change in law that did not infringe on judicial power. *Id.* at 907. The plurality explained that "Congress generally does not infringe the judicial power when it strips jurisdiction because, with limited exceptions, a congressional grant of jurisdiction is a prerequisite to the exercise of judicial power." *Id.*

Section 324(e)(1) likewise changes the law by withdrawing federal-court jurisdiction to review existing or future federal approvals necessary for the

4

construction and operation of the MVP, and its application to this case is undeniable. The Act's withdrawal of jurisdiction to review such actions falls squarely within Congress' recognized authority to "give, withhold or restrict [federal-court] jurisdiction at its discretion." *Kline*, 260 U.S. at 234.

Petitioner mistakenly contends that Section 324(e)(1) directs the outcome of pending litigation without changing governing law. Section 324(e)(1) changes the law by barring federal-court jurisdiction over claims challenging agency approvals necessary for the MVP, thereby eliminating the "competence [of federal courts] to adjudicate [that] particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). And in doing so, Section 324(e)(1) provides a new legal standard for courts to apply: if an action challenges decisions of certain federal and state officials "necessary for the construction and initial operation at full capacity of the [MVP]," it cannot be maintained in federal court and must be dismissed. Although that new standard "effectively guaranteed" that Petitioner's claims in these cases would be dismissed (because the challenged authorizations clearly fall within Section 324's scope), "a statute does not impinge on judicial power when it directs courts to apply a new legal standard to undisputed facts." *Bank Markazi v. Peterson*, 578 U.S. 212, 230 (2018).

Petitioner has argued based on *Klein* that Congress cannot revoke a court's jurisdiction over pending cases as a "means to an end." ECF 22-1 at 17 (quoting

5

*United States v. Klein*, 80 U.S. 128, 145 (1871)). But the problem in *Klein* was that Congress not only stripped jurisdiction over appeals but also compelled certain judicial findings along the way pertaining to a matter that was beyond Congress' constitutional authority. *Klein* acknowledged that "the legislature has complete control over the organization and existence of [the courts] and may confer or withhold the right of appeal from [their] decisions." 80 U.S. at 145; *see also McCardle*, 74 U.S. at 514. The Court thus further acknowledged that if the statute at issue had "simply denied the right of appeal in a particular class of cases, there could be no doubt that it must be regarded as an exercise of the power of Congress to make such exceptions from the appellate jurisdiction as should seem to it expedient," and "it would be [the Court's] duty to give [the law] effect." *Id*. The problem with the statutory denials of jurisdiction, the Court explained, was that those provisions required the courts to first "ascertain the existence of certain facts," which required application of Congress' "arbitrary rule of decision" that a pardon must be construed as evidence of disloyalty, contrary to a prior Supreme Court decision. *Id*. at 146. If the court so found, dismissal was required. It was thus the predicate for the dismissal for lack of jurisdiction—the attempted alteration of the effect of a pardon that Congress had no power to make and therefore did not

6

change the law—that rendered the statute unconstitutional. *See Bank Markazi*, 578 U.S. at 227-28.

Unlike the statute in *Klein*, Section 324(e)(1) does not "bind the Court to decide a case in accordance with a rule of law independently unconstitutional on other grounds," or "dictate how the Court should decide an issue of fact (under threat of loss of jurisdiction)." *Ameur v. Gates*, 759 F.3d 317, 327 (4th Cir. 2014). Congress has authority to withdraw its grant of jurisdiction to the federal courts (and the government's waiver of sovereign immunity regarding a particular subject like construction and operation of the MVP, *infra* pp. 8-9). And in deciding whether the Act applies, the federal courts are properly "left to apply [their] ordinary rules to the new circumstances created by the act," as discussed above. *Klein*, 80 U.S. at 147.

For the same reason, Section 324(e)(1) is unlike the "Smith wins" hypothetical in the *Bank Markazi* dissent, and the plurality opinion in *Patchak* confirms as much. *See* 138 S.Ct. at 906 ("Statutes that strip jurisdiction change the law for the purpose of Article III, just as much as other exercises of Congress' legislative authority."). Indeed, Section 324(e) is an even clearer example of Congress properly exercising its legislative authority than the provision at issue in *Patchak*. That provision targeted (according to the dissent) a single particular case brought by a party within the statute of limitations. *See* 138 S.Ct. at 916-18, 920

7

(Roberts, C.J., dissenting). Section 324(e)(1), in contrast, prospectively changes the law for a category of both pending and future cases challenging existing and future administrative actions necessary for the construction and operation of the MVP. Moreover, the *Patchak* statute did "not clearly state that it impose[d] a jurisdictional restriction," *id*. at 919, while Section 324(e)(1) expressly withdraws "jurisdiction." And the *Patchak* statute "explicitly dictate[d] the dismissal of a pending proceeding," *id*. at 917, which Section 324(e)(1) does not do.[1] The *Patchak* dissent itself also acknowledged that permissibly changing the law implies "some measure of generality or preservation of an adjudicative role for the courts." *Id*. at 920. Section 324(e)(1), as discussed, satisfies both criteria.

Moreover, setting aside that Section 324(e)(1) permissibly changes the law by withdrawing federal-court jurisdiction over certain lawsuits, the provision can also be upheld on the alternative ground that it changes the law by restoring federal sovereign immunity against such challenges. A court's jurisdiction to entertain a suit against a federal agency must rest on a statutory waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). But it is well established that, once Congress has waived sovereign immunity, that consent to suit may be

---

[1] Although Section 324(e)(1) specifies that no jurisdiction exists to entertain petitions for review like those here, it does not foreclose the possibility that "claims" of Section 324's invalidity raised in the context of those petitions may be transferred to the D.C. Circuit if in the interests of justice. *See* 28 U.S.C. § 1631. Petitioner has not requested such a transfer.

8

"withdrawn [by Congress] at any time," *Lynch v. United States*, 292 U.S. 571, 581 (1934), including during a pending lawsuit, *see District of Columbia v. Eslin*, 183 U.S. 62, 63-65 (1901). Here, the Court's jurisdiction and waiver of sovereign immunity originally relied on the provision for judicial review in 15 U.S.C. § 717r(d)(1) and the immunity-waiver contained in the Administrative Procedure Act, 5 U.S.C. § 702. But Section 324(e)(1) withdraws that waiver in part by barring certain suits for "review" of agency "action" providing approvals for the MVP.

Justice Ginsburg's concurring opinion in *Patchak* upheld the statute at issue in that case on that ground alone. *See* 138 S.Ct. at 912-13. Likewise, here, this Court "need venture no further" to uphold Section 324(e)(1). *See id.* at 912. Indeed, Justice Ginsburg's concurring opinion is properly regarded as the Court's holding in *Patchak* because it reflects the "position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977). Whereas the analysis in *Patchak*'s plurality opinion more broadly addressed changes in law that withdraw jurisdiction, 138 S.Ct. at 905-910, Justice Ginsburg's opinion (joined by Justice Sotomayor) more narrowly addressed changes in law barring certain actions against the federal sovereign by withdrawing jurisdiction and thereby restoring the federal government's immunity from suit, *id.* at 912-13. Withdrawals of sovereign immunity go to a court's jurisdiction. *See*

9

*Meyer*, 510 U.S. at 475. On this understanding, Justice Ginsburg's concurring opinion "is the decisive one" that binds this Court. *See United States v. Stitt*, 250 F.3d 878, 890 n.11 (4th Cir. 2001).[2] Thus, the conclusion that Section 324(e)(1) is constitutional is supported by both the plurality opinion and Justice Ginsburg's concurring opinion, and is generally consistent with the dissent.

C. **Section 324(c) is constitutional.**

The Court lacks jurisdiction independent of Section 324(e)(1) because Section 324(c) moots Petitioner's claims. By ratifying the challenged approvals notwithstanding any other provisions of law that Petitioner alleges were violated, Section 324(c) leaves this Court without the ability to grant Petitioner effective relief. The controversy is therefore moot. *See Friends of the Earth v. Haaland,* No. 22-5036, 2023 WL 3144203 (D.C. Cir. Apr. 28, 2023); *Consejo de Desarrollo Economico, Mexicali v. United States*, 482 F.3d 1157, 1169-74 (9th Cir. 2007).

Section 324(c)'s ratification and approval of the challenged authorizations also falls squarely within the scope of Congress' legislative authority. Section 324(c) does not, as Petitioner contends, pick winners and losers in pending litigation or compel results under old law. *See* Opp. 9-16. Section 324(c) makes

---

[2] While Justice Sotomayor's separate opinion concluded that the statute in *Patchak* should be construed as a restoration of immunity rather than a jurisdiction-stripping statute of the sort that implicated separation-of-powers concerns under *Klein*, she did not address the proposition that "[s]overeign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475.

*new* law by ratifying project-related authorizations "[n]otwithstanding" any provision of old law. Section 324(c) also supersedes "any other provision of law" that is inconsistent with the challenged authorizations. Act § 324(f). In short, Congress changed the substantive law applicable to those authorizations. *See Alliance for the Wild Rockies v. Salazar*, 672 F.3d 1170, 1174-75 (9th Cir. 2012) (statute directing agency to act without regard to other law "amended the law"); *Consejo*, 482 F.3d at 1168-70 (same).

Congress unquestionably may "ratify ... acts which it might have authorized, and give the force of law to official action [allegedly] unauthorized when taken," *Swayne & Hoyt v. United States*, 300 U.S. 297, 301-302 (1937), provided the ratification "does not interfere with intervening rights," *United States v. Heinszen & Co.*, 206 U.S. 370, 384 (1907). And "irrespective of any doctrine of ratification," Congress may establish retroactively by legislation that an agency action is "confirmed and approved" to be within the agency's powers. *Swayne & Hoyt*, 300 U.S. at 302; *see also Thomas v. Network Solutions*, 176 F.3d 500, 506 (D.C. Cir. 1999); *National Coal. to Save Our Mall v. Norton*, 269 F.3d 1092, 1097 (D.C. Cir. 2001). Section 324(c) thus falls squarely within the scope of Congress' legislative authority.[3]

---

[3] The *Patchak* statute contained a similar ratification provision.138 S.Ct. at 904. But contrary to amici's suggestion, ECF 28 at 6-7, the Court did not address the constitutionality of that provision. *See* 138 S.Ct. at 904 n.2; *see also id*. at 911.

11

That Section 324(c) is outcome-determinative is immaterial. Congress "may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative," *Bank Markazi*, 578 U.S. at 215, provided the amendment does not "direct any particular findings of fact or applications of law, old or new, to fact," *Robertson*, 503 U.S. at 438. For the reasons discussed, Section 324(c) does not so direct.

It also makes no difference that the determination the Court is called upon to make under Section 324(c) is "uncontested or incontestable" in this case. *Bank Markazi*, 578 U.S. at 230 (quoting *Pope v. United States*, 323 U.S. 1, 11 (1944)). Whether "the facts be ascertained by proof or by stipulation, it is still a part of the judicial function to determine whether" the challenged approvals are covered authorizations, *Pope*, 323 U.S. at 11, and if so, whether Section 324(c)'s ratification of them moots Petitioner's claims. That congressional ratification does

not offend the Constitution merely because it allegedly leaves "too little for courts to do." *Bank Markazi*, 578 U.S. at 228.

## CONCLUSION

For the foregoing reasons, the petitions should be dismissed for lack of jurisdiction.

Respectfully submitted,

*/s/ Allen M. Brabender*
TODD KIM
*Assistant Attorney General*

RACHEL HERON
KEVIN W. MCARDLE
ALLEN M. BRABENDER
*Attorneys, Appellate Section*
United States Department of Justice
Environment & Natural Resources Section
P.O. Box 7415
Washington, DC 20044
(202) 514-5316
allen.brabender@usdoj.gov

July 10, 2023
DJ # 90-13-9-17145
DJ # 90-13-9-17146

## CERTIFICATE OF COMPLIANCE

I hereby certify that this reply complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-volume limitations of Fed. R. App. P. 27(d)(2)(C). This motion contains 2,584 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(2) and 32(f).

/s/ Allen M. Brabender
*Counsel for Federal Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to all counsel of record.

/s/ Allen M. Brabender
*Counsel for Federal Respondents*